IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN HENRY CURTIS, JR., #339618    *
         Petitioner,
   v.                                          * CIVIL ACTION NO. JKB-11-684

SOLOMON HEJRIIKA, SR., et al.    *
         Respondents.

### MEMORANDUM

On March 14, 2011, petitioner John Henry Curtis, Jr., filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his conviction for drug possession with intent to distribute entered in 2006.[1] ECF No. 1. Respondents filed an Answer which, as supplemented, solely addresses the timeliness of Petitioner's application. ECF Nos. 3 and 5. Petitioner was advised of his opportunity to file a reply (ECF No. 4) and has done so. ECF No. 6. After reviewing these papers, the court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; *see also* 28 U.S.C. § 2254(e)(2). For reasons set forth herein, the court shall dismiss the petition with prejudice as time-barred.

### Procedural History

Petitioner entered his guilty plea in the Circuit Court for Baltimore County, Maryland, on September 11, 2006. ECF No. 3, Exhibit 1 at 3-6. On November 9, 2006, he was sentenced to ten years imprisonment. *Id.* Petitioner did not seek leave to appeal the entry of his guilty plea or sentence.[2] Instead, counsel filed a motion for modification of sentence on December 22, 2006, which was denied the same day. ECF No. 3, Exhibit 1 at 7.

---

[1] The petition is undated and thus deemed filed on the date received by the Clerk, March 14, 2011.

[2] Under Maryland law, defendants may appeal a guilty plea by way of application for leave to appeal. *See* Md. Code Ann., Cts. & Jud. Proc. Art., § 12-302(e) (2006). The application must be filed within 30 days after entry of judgment. *See* Md. Rule 8-204(b).

On October 24, 2007, petitioner filed a motion to correct an illegal sentence, which was denied by the Circuit Court on December 17, 2007. *Id.*, Exhibit 1 at 6. He initiated post-conviction proceedings in the Circuit Court for Baltimore County on April 22, 2008, pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, *et seq*. *Id.*, Exhibit 1 at 6. Although not apparent on the docket, the parties agree the petition was denied on June 3, 2009. *Id.*, Answer at 4 and ECF No. 1 at 2. Petitioner's application for leave to appeal the adverse post-conviction decision was denied in an unreported opinion filed by the Court of Special Appeals of Maryland on June 9, 2010.[3] Reconsideration of that decision was denied on August 26, 2010.[4] *Id.*, Exhibit 2.

## Standard of Review

Title 28 U.S.C. § 2244(d)[5] provides a one-year statute of limitations in non-capital cases for those convicted in a state case. This one-year period is, however, tolled while properly filed

---

[3] Petitioner filed a second motion to correct an illegal sentence on August 5, 2009. The motion was denied on August 19, 2009. *Id.*, Exhibit 1 at 7-8. As this second motion to correct an illegal sentence was filed during the pendency of state post-conviction review, it has no impact on the limitations period under consideration here.

[4] Petitioner then sought certiorari review in the Court of Appeals of Maryland, ECF No. 6, Exhibit 6 at 4, which was denied on November 22, 2010. *Id.*, Exhibit 6 at 5. Petitioner's request for reconsideration of the certiorari denial was rejected by the Court of Appeals on February 22, 2011. *Id.*, Exhibit 6 at 6. Despite the fact that petitioner sought to contest the denial of post conviction relief by seeking *certiorari*, the Maryland Court of Appeals did not have jurisdiction to review his case. *See Grayson v. State*, 728 A.2d 1280, 1284-85 (Md. Ct. Spec. App. 1999); *Williams v. State*, 438 A.2d 1301, 1302-05 (Md. 1981). Thus, the *certiorari* request was not "properly filed" within the meaning of § 2244(d)(2). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

In *Artuz*, the Supreme Court held that an application for state collateral review is "properly filed," as required to toll the period for filing in accordance with the AEDPA, when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. *Id.*, 531 U.S. at 9. The Court further noted that "[i]f, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction . . . it will be *pending*, but not *properly filed.*" *Id*. Simply stated, petitioner's *certiorari* request was not "properly filed" with the Maryland Court of Appeals, and thus petitioner's collateral review petition was not "pending" (and the statute of limitations tolled) after August 26, 2010.

[5] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F. Supp. 771, 771-72 (D. Md. 1998).

In *Holland v. Florida*, 130 S. Ct. 2549 (2010), the Supreme Court concluded that equitable tolling applies to the statute of limitations for post-conviction petitions filed under § 2254. *Id*. at 2554. Specifically, the Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id*. at 2562. The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris v. Hutchinson*, 209 F.3d at 329-30.[6]

The statute of limitations began to run in petitioner's case on November 9, 2006, at time of sentencing. Petitioner argues that he did not seek leave to appeal because his attorney had promised to promptly file a motion for modification of sentence in order for petitioner to be

---

The limitation period shall run from the latest of-

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[6] *See also Lusk v. Ballard*, 2010 WL 3061482 (N.D. W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)

3

evaluated as a candidate to obtain drug treatment.[7] ECF No. 6 at 3. The motion for modification was filed on December 22, 2006 and denied the same day. ECF No. 3, Exhibit 1 at 7. Petitioner states that counsel failed to disclose that sentence modification had been denied, leading petitioner to conclude the matter was held sub curia. ECF No. 6 at 3. Petitioner indicates he discovered that sentence modification had been denied on April 20, 2007. *Id*. He seeks equitable tolling for the period between sentencing and the day he discovered the denial of sentence modification (November 9, 2006, through April 20, 2007), a period of 162 days. He also argues that the time during which his first motion to correct an illegal sentence was pending should toll the limitations period.[8] ECF No. 6 at 5.

**Analysis**

Even if the court were to consider the period between sentencing and the time petitioner discovered the denial of his motion for modification of sentence equitably tolled due to counsel's failure to communicate (November 8, 2006, to April 20, 2007), this action nonetheless is time-barred. Even after learning that the motion for modification had been denied, petitioner waited 186 days, until October 24, 2007, before filing his motion to correct sentence.[9] When the motion was denied on December 17, 2007, petitioner allowed another 127 days to lapse before

---

[7] Maryland law permits evaluation of criminal defendants for transfer to the Department of Health and Mental Hygiene for drug treatment. *See* Md. Code Ann., Health-Gen. § 8-505 *et seq.*

[8] As previously noted, the time during which the second motion to correct an illegal sentence was pending overlapped the time during which petitioner's post-conviction proceedings also were pending.

[9] *See Wall v. Kholi*, 131 S. Ct. 1278, 1286 (2011) (holding motion to reduce sentence filed pursuant to Rhode Island law, by state prisoner as a post-conviction motion not part of the direct review process and which required a reexamination of prisoner's sentence qualified as a motion for "collateral review" that tolled the one-year statute of limitations). For the purpose of the time-bar analysis here, the court assumes the motion to correct an illegal sentence would toll the limitations period under *Wall*. The court notes that a Maryland court may correct an illegal sentence at any time, and may at any time commit a defendant who is found to have a drug or alcohol dependency to a treatment program in the Department of Health and Mental Hygiene if the defendant voluntarily agrees to participate in the treatment, even if the defendant did not timely file a motion for modification or timely filed a motion for modification that was denied. *See* Md. Rule 5-345(a); *see also* Md. Code Ann., Health-Gen. § 8-507.

4

initiating post-conviction proceedings on April 22, 2008.[10] When post-conviction proceedings concluded on August 26, 2010,[11] petitioner waited another 200 days before filing the instant action.

Petitioner's delay in seeking federal habeas corpus relief, which totaled 513 days, far exceeds the one-year limitations period. Petitioner's pro se status and any attendant lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation). Therefore, the Petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district court was correct in its

---

[10] The court notes that 2008 was a leap year in which the month of February had 29 calendar days.

[11] As previously noted, Maryland does not provide for infinite appellate review of the denial of post-conviction relief. Thus, petitioner's attempt to obtain certiorari review and reconsideration of the denial of certiorari from the Maryland Court of Appeals after the intermediate appellate court denied leave to appeal the denial of post-conviction relief provides no basis for tolling the limitations period. *See Rouse v. Lee*, 339 F.3d 238, 248-249 (4th Cir. 2003) (negligent mistake by party's counsel in interpreting AEDPA statute of limitations does not present extraordinary circumstances warranting equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000) (*pro se* status does not establish sufficient ground for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); *Francis v. Miller*, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling).

procedural ruling." *Slack*, 529 U.S. at 484. Petitioner does not satisfy this standard, and the court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts.

A separate order follows.

<u>July 11, 2011</u>  
Date

<u>　　　　/s/　　　　　　　　　　　</u>  
James K. Bredar  
United States District Judge